IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 MAR A 11: 57

| | | |
|---|---|---|
| MARK L. PEREGUOY | * | |
| Plaintiff | * | AT BALTIMORE<br>BY_____DEPUTY |
| v. | * | Civil Action No.:MJG 02 CV 4165 |
| STATE OF MARYLAND, et al | * | |
| Defendants | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**RESPONSE TO MOTION TO DISMISS COMPLAINT
OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Mark L. Pereguoy, Plaintiff, by his attorney, Ronald R. Hogg responds to Defendants Carroll County, Maryland and George Hardinger's (hereinafter, collectively "Defendants") Motion to Dismiss Complaint or, alternatively, for Summary Judgment and so states

1   That the Complaint states a claim upon which relief can be granted for damages arising under Title VII of the Civil Rights Act of 1964.

2.   That Defendants state in paragraph 2 that there are no genuine disputes as to any material fact. If Defendants are admitting the allegations contained in Plaintiff's Complaint then Plaintiff would be entitled to judgment as a matter of law. Plaintiff's truthful confirmation to investigators of the use of racially offensive language by Warden Hardinger toward an African-American co-worker resulted in retaliatory and abusive tactics employed by Defendant Hardinger and Defendant Tregoning, thereby damaging Plaintiff.

3.   With regard to paragraph 3 of Defendants' Motion, Plaintiff agrees that Carroll County, Maryland lacks the capacity to be sued to the extent that its citizens have not yet adopted

a charter form of government. Plaintiff agrees that it should have noted the Board of Commissioners for Carroll County as the proper Defendant. Plaintiff will be filing a Motion for Leave to Amend in compliance with applicable rules of federal civil procedure.

4   Despite the plain language of Title VII of the Civil Rights Act of 1964 the Courts have interpreted the Act so as not to impose liability on supervisory personnel. These supervisory personnel are proper parties to be named as a party Defendant to the extent they qualify as employers or as an agent of the employer.

5   Plaintiff did not violate Title VII's naming requirement

6.  Defendants are liable as the employer of Plaintiff.

7.  Plaintiff's request for punitive damage applies to all Defendants named in his Complaint, jointly and severally.

8.  A dismissal of Plaintiff's Complaint would be unjust and against the protections afforded by applicable federal law

WHEREFORE, Plaintiff respectfully requests that Defendants' Motion to Dismiss Complaint or, Alternatively, for Summary Judgment be DENIED.

Ronald R. Hogg
Bar No. 08960
4012 College Avenue
Ellicott City, Maryland 21043
(410) 750-2401
Counsel for Plaintiff

## STATEMENTS OF GROUNDS AND AUTHORITIES

The grounds and authorities in support of this Response to Motion to Dismiss Complaint Or, Alternatively, For Summary Judgment are set forth fully in the accompanying Memorandum.

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this 11th day of March, 2003, a copy of the aforegoing Response to Motion to Dismiss Complaint Or, Alternatively, For Summary Judgment was mailed via first class mail, postage prepaid, to John F. Breads, Jr., Esquire, 7172 Columbia Gateway Drive, Suite E, Columbia, Maryland 21046 and Frank Mann, Esquire, Assistant Attorney General, Office of the Attorney General, 200 Saint Paul Place, Saint Paul Plaza, Baltimore, Maryland 21202.

Ronald R. Hogg

932.RRH