FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 MAR A 11: 1

CLERK'S OFFICE
AT BALTIMORE
BY________DEPUT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK L. PEREGUOY *

Plaintiff *

v. * Civil Action No.:MJG 02 CV 4165

STATE OF MARYLAND, et al. *

Defendants

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Mark L. Pereguoy, Plaintiff, by his attorney, Ronald R. Hogg submit this Memorandum in support of his Response to Motion to Dismiss Complaint, or, Alternatively, For Summary Judgment.

## I. Introduction

Plaintiff began working at the Carroll County Sheriff's Department in July, 1981, where he eventually attained the rank of Captain. He had various responsibilities during his over twenty years of service and at one time supervised twenty-five to thirty personnel. Plaintiff was generally an exemplary employee. A complaint was filed with United States Equal Employment Commission (EEOC) by an African American co-worker as a result of the use of racially offensive terms Defendant Hardinger. During the subsequent investigation Plaintiff confirmed with investigators the use of these racially offensive remarks by Defendant Hardinger. Defendant Hardinger, along with Defendant Tregoning, after learning of Plaintiff's cooperation with investigators retaliated against Plaintiff by taking away virtually all of Plaintiff's job responsibilities and duties. Eventually, Plaintiff felt compelled to resign from his

now meaningless position thereby fulfilling Defendant Hardinger's and Defendant Tregoning's goal to be rid of Plaintiff. After his EEOC Complaint, Plaintiff filed suit with this Court.

II. Standard of Review

On review of dismissal of pleadings, the Court accepts well-pleaded allegations in the Complaint as true, and construes those allegations in a light most favorable to the Plaintiff. Pfau v. Reed 125 F.2d 927 (5th Cir. 1997) Summary judgment is pleaded in the alternative by Defendants with essentially the same standard of review existing for summary judgment. Carter v. Stanton, 405 US 669, 92S Ct 1232, 31 L. Ed.2d 569 (1972) By any standard or review, Defendants are not entitled to their requested relief.

III. Argument

A. Carroll County, Maryland as a named Defendant.

Title VII imposes liability on the employing entity. Suit can be directed at the actual employer by naming the supervisory employee as agent of the employer or by naming the employer directly. Grant v. Lone Star Company 21 F.3d 649 (5th Cir. 1994) In his Complaint Plaintiff has named as Defendants those entities and individuals he knew to be his employers and supervisory personnel as required by Title VII. Sheriffs in the State of Maryland are constitutional officers whose powers and duties are not enumerated in the constitution of the State, but whose powers and duties are prescribed by the common law as modified from time to time by the legislature. See Maryland Constitution Article 4, Soper v. Montgomery County 449 A.2d 1158, 294 Md 331 (1982) Under Maryland law, a sheriff is a state official but may sometimes be treated as a local official depending upon the particular function which the sheriff was performing. Dotson v. Chester 937 F.2d 920. (4th Cir. 1991); Ritchie v. Donnelly 324 Md. 344, 597 A.2d 432 (1991) While the sheriff is generally considered

f the his perat of th co oul be idered th func f loca ffi al. Dotson

iff agree ith De idai C C Mary as D endant she P pe tl C ity om laii iff to fil ope to to add th C th m h app pri app hl R tl C an th dm C un D end fc easons tated ho Boar be roper Defe iff sh oul be C fr al D fendants ho ar be hl der T

Defe H roperl ed D fen ant T

Pl iff ler tand tha Varc Har be persona an dam ges esse ler T There possibi ty depen th ho he he co ider Pl iff mp rp Defe ant Har er be pe fo C C ity C D anant re the tat f Ma an an ml nation th eof, proper ed ag (Grant su Pl iff oper ed W den Harc as D fer dan his mp the ap ibl as

C. ff pr pe D fen its OC

De dan all part OC ee A to rpo ed by fe Defe dan gc D fe lant Harc th ffi al capac es pe and pe so th ity ff

Office were mentioned in the various documents. The fact that Plaintiff did not name the Board of County Commissioners is somehow fatal to his claim under Title VII borders on the absurd. The naming requirement was more than satisfied by Defendants Tregoning and Hardinger being named in both their local and state official capacities. This actual notice by the named officials is certainly sufficient for purposes of Title VII.

D. Claims against the Defendants and the principal of Respondeat Superior.

It is well understood that Title VII prohibits employers from certain acts of discrimination. The determination that a supervisory employee is in fact employer's agent provides the basis under Title VII, for holding an employer strictly liable for the agent's conduct (Pfau supra at p. 927) In his Complaint Plaintiff alleges that both Defendants Tregoning and Hardinger carried out and that both are responsible for the acts of which he complains. The Court on Revene v. Charles County Commissioners, et al. 882 F.2d 870 (4th Cir. 1989) held that the Sheriff, acting in his official capacity and performing certain county duties is a duly delegated policy maker for the county, and it is therefore, effectively a claim against the governing body of the county. Warden Hardinger is the agent of that employer for purposes of Title VII. The County and Hardinger are therefore properly named Defendants under Title VII principles.

E. Plaintiff entitled to punitive damages.

Plaintiff feels he is entitled to punitive damages from all named Defendants. There is no qualified immunity from liability under Title VII, Civil Rights Act of 1964 Section 701 et seq. 42 U.S.CA. Section 2000e et seq., Cutts v. Reed 17 Fed Appx. 132, 2001 WL 963728 (4th Cir. Va.)

Conclusion

Based upon the reasons stated herein, and any attachments or supplemental documents which are incorporated by reference, Defendants motion should be denied in its entirety

Ronald R. Hogg
Bar No. 08960
4012 College Avenue
Ellicott City, Maryland 21043
(410) 750-2401
Counsel for Plaintiff

CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this 11th day of March, 2003, a copy of the aforegoing Memorandum in Support of Plaintiff's Response to Motion to Dismiss Complaint Or, Alternatively, For Summary Judgment was mailed via first class mail, postage prepaid, to John F. Breads, Jr., Esquire, 7172 Columbia Gateway Drive, Suite E, Columbia, Maryland 21046 and Frank Mann, Esquire, Assistant Attorney General, Office of the Attorney General, 200 Saint Paul Place, Saint Paul Plaza, Baltimore, Maryland 21202

Ronald R. Hogg

934.RRH

# EXHIBIT A

U. S. Eq[illegible] Employment Opportunity Co[illegible]nission

Mr. Kenneth L. Tregoning
Executive Officer
CARROLL COUNTY SHERIFF'S
100 N. Court Street
Westminster, MD 21157

PERSON FILING CHARGE

Mark L. Peregoy

THIS PERSON *(check one or both)*

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.

120-2002-00867C

## NOTICE OF CHARGE OF DISCRIMINATION

*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act

[ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act

[ ] The Equal Pay Act

RECEIVED 2002 JUN 19 P [illegible] CARROLL COUNTY SHERIFF'S OFFICE WESTMINSTER, MD

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.
2. [X] Please call the EEOC Representative listed below concerning the further handling of this charge.
3. [X] Please provide by 17-JUL-02 a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.
4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.
5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by 02-JUL-02 to Denise Purnell (410) 962-6608
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Nicole Chandler, I S A
*EEOC Representative*
*Telephone:* (410) 962-6626

Baltimore District Office
10 South Howard Street
3rd Floor
Baltimore, MD 21201

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN [ ] AGE [ ] DISABILITY [X] RETALIATION [ ] OTHER

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Jun 17, 2002 | James L. Lee, Director | [signature] |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Statement before completing this form.

AGENCY: [ ] FEPA [X] EEOC

CHARGE NUMBER: 120-2002-00867

and EEOC

State or local Agency, if any

NAME (Indicate Mr., Ms., Mrs.): Mr. Mark L. Peregoy

HOME TELEPHONE (Include Area Code): 410-857-5019

STREET ADDRESS: 106 Park Drive

CITY, STATE AND ZIP CODE: Westminster, MD. 21157

DATE OF BIRTH:

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME: Carroll County Sheriff's Off.

NUMBER OF EMPLOYEES, MEMBERS: 130

TELEPHONE (Include Area Code): 410-386-2900

STREET ADDRESS: 100 N. Court St.

CITY, STATE AND ZIP CODE: Westminster, MD 21157

COUNTY: Carroll

NAME:

TELEPHONE NUMBER (Include Area Code):

STREET ADDRESS:

CITY, STATE AND ZIP CODE:

COUNTY:

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] AGE

[X] RETALIATION [ ] NATIONAL ORIGIN [ ] DISABILITY [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE EARLIEST (ADEA/EPA) LATEST (ALL): 10-16-01 / 02-05-02

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See Attached

RECEIVED BALTO. DIST. OFFICE EEOC

2002 JUN -6 P 6:39

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

Paula Harding

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT: [signature]

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year): 6/1/02

6-1 Charging Party (Signature) [signature]

EEOC FORM 5 (Rev. 12/93)

PAULA HARDING NOTARY PUBLIC CARROLL COUNTY, MD

PAULA HARDING
NOTARY PUBLIC OF CARROLL COUNTY, MD
My Commission Expires 2/7/04

I feel that the Sheriff Kenneth L. Tregoning and Warden George H. Hardinger of the Carroll County Sheriff's Office, 100 North Court Street Westminster, Maryland 21157, 410-386-2900 have retaliated against me for supporting a co-worker who is African-American. Lieutenant Salvertore Brown filed a complaint against the Carroll County Sheriff's Office with EEOC (charge #120A10112). The number of individuals employed by the agency is approximately 140. There have been other Carroll County Sheriff's Office employees who were African- American that filed discrimination claims against the agency in the past four years. While I am white, I supported the claims made by these individuals. As a result, I became a target for Sheriff Tregoning and Warden Hardinger.

I worked for the Carroll County Sheriff's Office since July 30, 1981. The highest rank I obtained was Captain. In 20+ years of service I never received any form of reprimand or negative counseling. My personnel file contains only letters of commendation.

Since 1995, I was responsible for various special duty units: work release unit, pre-trial services unit, training unit, transportation and from its' inception, central booking unit. I was considered executive administrative staff and my office was located in the same area as the Warden's. I was directly responsible for the daily management of 25-30 personnel.

On October 16, 2001, I returned to work after being on Family Medical Leave for neck surgery. At that time Warden Hardinger told me that I had been moved out of my office and a records clerk had been moved in. I asked him where my new office would be and he told me "go find a place." I was not assigned anyplace to do my work so I went to Lt. Salvetore Brown's office area and asked if he would share the area with me? Later that day I saw Sheriff Tregoning who asked me how my neck was doing? I told him it felt better, but I had been moved out of my office and didn't know exactly where to go to do my work. He patted his neck; walked away from me and stated, "don't rush back."

I moved into the office area with Lt. Brown and continued to perform my job responsibilities. On January 15, 2002, I was told by Warden Hardinger to report to his office for a meeting at 2:00 P.M. At the meeting was Warden Hardinger, Chief Deputy Keefer and Major Turvin, my immediate supervisor. Warden Hardinger informed me that effective February 1, 2002, I would no longer be assigned as the Commander of Special Operations. My new duty assignment was to work permanent 3:00 P.M. – 11:30 P.M., Monday through Friday, in the jail. That is where I started my career 20 years ago. I asked him what my specific responsibilities would be and he told me he would get back with me regarding those duties. I asked him why I was being reassigned and relieved of all prior duties? Warden Hardinger told me that this was a newly created position and it was very important for the overall operation of the Detention Center. Furthermore, only a Captain could fill this position, (I was the only Captain in the Sheriff's Office/Detention Center). Warden Hardinger, or for that matter no one else, ever got back to me with the specific duties of this newly created position. My responsibilities went from overseeing a staff of 25 personnel to a staff of zero.

EEOC
May 30, 2002
Page 2

I resigned from the Carroll County Sheriff's Office on February 6, 2002. On February 11, 2002, the Sheriff's Office posted my previous position, a Captain's position stating duties which were very similar to my previous duties, not the newly created positional duties. The newly created position of working 3:00 P.M. – 11:30 P.M. in the jail stopped existing after I submitted my resignation. Effective February 28, 2002, Mr. Stephen Reynolds was promoted to Captain and is responsible for Special Operation, those same responsibilities that I had prior to February 1, 2002.

Sheriff Tregoning, Chief Deputy Keefer and Warden Hardinger all knew that I was supportive of Lt. Brown regarding his discrimination suit against them. I strongly believe they targeted me because of my support for Lt. Brown. They made my job with the Sheriff's Office so uncomfortable and I believe it would have increased in intensity if I had not resigned.

Mark L. Peregoy
106 Park Drive
Westminster, MD 21157
410-857-5019

RECEIVED
BALTO. DIST. OFFICE
EEOC
2002 JUN -6 P 6:39