**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MARK L. PEREGUOY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.:  MJG 02 CV 4165 |
| STATE OF MARYLAND, et al., | * | |
| Defendants. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*

**DEFENDANTS' REPLY MEMORANDUM**

George Hardinger and "Carroll County, Maryland", two of the Defendants, by their undersigned counsel, pursuant to Local Rule 105.1, submit this Reply Memorandum in response to Plaintiff's Opposition to Defendants' Motion to Dismiss, or, Alternatively, Motion for Summary Judgment.

**I.    Argument**

Apparently confused as to the distinction between "allegations" in a complaint and material facts, Plaintiff in his response urges that Defendants may be "admitting the allegations contained in the Complaint." This is hardly the case. Baseless allegations aside, the facts establish not Plaintiff's " truthful confirmation to investigators", but rather that the EEOC's investigators found insufficient evidence to conclude that Plaintiff had been the subject of retaliation prior to his voluntary resignation. The undisputed material facts establish, as a matter of law, that "Carroll County, Maryland" lacks the capacity to sue or be sued; that individual liability does not lie under Title VII of the Civil Rights Act of 1964; that neither the Board of County Commissioners nor Warden Hardinger was named in the Charge of Discrimination; that neither Warden Hardinger nor the Board of

County Commissioners was Plaintiff's "employer"; and that, even if named as a defendant, the Board of County Commissioners would not be subject to punitive damages.

### A. "Carroll County, Maryland" Is Non Sui Juris

This fact is conceded by Plaintiff in paragraph 3 of his response.

### B. Plaintiff Violated Title VII's Naming Requirement

This fact is established in the Charge of Discrimination itself. It is undisputed that Plaintiff failed to name either the Board of County Commissioners or Warden Hardinger as a Respondent in his Charge of Discrimination, naming, instead, the "Carroll County Sheriff's Office" as the employing entity. Even accepting the Fifth Circuit precedent offered by Plaintiff is of no avail. There, the court stated "the proper method for a plaintiff to recover under title VII is to sue the employer, either by naming the supervisory employee as agent of the employer or by naming the employer directly." *Grant v. Lone Star Company*, 21 F.3d 649, 651 (5th Cir. 1994). Here, Plaintiff did neither. He failed to name the Sheriff, his employer, and he failed to name Warden Hardinger as "agent" of the Sheriff. Whether or not the Sheriff is a state or local official when exercising oversight of the detention center is of no consequence. He remains the "employer" for purposes of Title VII, and Plaintiff cannot cure his oversight. For this reason alone, the Complaint fails.

### C. Warden Hardinger Is Not Liable Under Title VII

The undisputed fact that Warden Hardinger was not Plaintiff's employer is grounded in Maryland law, which, in Carroll County, vests in the Sheriff authority to hire necessary personnel, including a warden. Thus, in light of the fact that he was not named in the Charge of Discrimination, and that he was not Plaintiff's "employer", Warden Hardinger must be dismissed as a party to this action.

### D. Only Plaintiff's "Employer" Can Be Vicariously Liable Under Title VII.

Contrary to his unsupported allegations, Plaintiff was not a county employee. At all times, he was employed by the Sheriff of Carroll County, who hired Plaintiff, and later accepted his voluntary resignation. This fact also is grounded in state law, specifically Section 2-309(h)(2) of the Courts and Judicial Proceedings Article (2002 repl. vol.), which empowers the Sheriff of Carroll County to "employ the number of personnel necessary for proper execution of the duties of office." Again, whether the Sheriff was a county "policymaker" for the purposes of 42 U.S.C. § 1983 has no bearing on whether he was Plaintiff's employer, and is of no consequence here. Thus, even if it were a properly named Defendant, the Board of County Commissioners could not be liable on the basis of *respondeat superior*.

### D. Defendants Are Not Liable for Punitive Damages

For the reasons stated above, Defendants are not liable for punitive damages under Title VII. Further, the text and background of the Civil Rights Act of 1991, which authorizes punitive damages, emphasize that this extraordinary remedy is not to be awarded automatically in every successful Title VII suit. *Harris v. L&L Wings*,

*Incorporated*, 132 F.3d 978, 982 (4th Cir. 1997).  The 1991 Act approves punitive damages only "if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1).  This provision was enacted against a backdrop of prevailing doctrine that punitive damages are to be awarded only in cases where the twin aims of punishment and deterrence are paramount.  *See, e.g., City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 266-68 (1981) (punitive damages are intended to punish and deter "extreme conduct"); *Beauford v. Sisters of Mercy-Province of Detroit, Inc.*, 816 F.2d 1104, 1109 (6th Cir. 1987) (punitive damages have "generally been limited to cases involving egregious conduct or a showing of willfulness or malice on the part of the defendant").  And even when they are available, punitive damages remain wholly within the jury's discretion and "are never awarded as of right, no matter how egregious the defendant's conduct." *Smith v. Wade*, 461 U.S. 30, 52 (1983).

Here, despite Plaintiff's "feeling" of entitlement, his own pleading fails to allege, or establish, the "heightened showing" of the culpable state of mind of the employer.  *See Pandazides v. Virginia Bd. of Educ.*, 13 F.3d 823, 830 n.9 (4th Cir. 1994).  For this additional reason, Plaintiff's claim for punitive damages fails as a matter of law.

## II.     Conclusion

For these reasons, and those stated previously, Defendants' Motion to Dismiss, or, Alternatively, Motion for Summary Judgment, must be granted.

_____/s/_____
John F. Breads, Jr.
Bar No. 01343
7172 Columbia Gateway Drive
Suite E
Columbia, Maryland 21046

Counsel for Defendants "Carroll County, Maryland" and George Hardinger

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this 25th day of March, 2003, a copy of the aforegoing Defendants' Reply Memorandum was mailed via first-class mail, postage prepaid, to Ronald R. Hogg, Esquire, 4012 College Avenue, Ellicott City, Maryland 21043; and to Frank Mann, Asst. Attorney General, Office of the Attorney General, 200 Saint Paul Place, Saint Paul Plaza, Baltimore, Maryland  21202.

_____/s/_____
John F. Breads, Jr.