```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

MARK L. PEREGUOY                *

    Plaintiff              *

  vs.                            *CIVIL ACTION NO. MJG-02-4165

STATE OF MARYLAND, et al.       *

    Defendants             *

\*     \*     \*     \*     \*     \*     \*     \*     \*

<u>MEMORANDUM AND ORDER</u>

The Court has before it Defendants Carroll County, Maryland and George Hardinger's Motion to Dismiss Complaint or, Alternatively, for Summary Judgment [Paper 3] and the materials submitted by the parties related thereto. The Court finds a hearing unnecessary.

I. <u>BACKGROUND</u>[1]

Plaintiff Mark L. Pereguoy ("Plaintiff" or "Pereguoy") was, at all times relevant hereto, a correctional officer at the Carroll County Detention Center. Defendant Carroll County, Maryland is a Maryland Municipal Corporation ("Board of County Commissioners").[2] Defendant George Hardinger

---

[1] In the present context, it is necessary to assume that the Plaintiff's version of the disputed facts is correct.

[2] Plaintiff names "Carroll County, Maryland" as a Defendant. However, there is no legal entity known as "Carroll County, Maryland." The Court will assume the

("Hardinger") is and was, at all times relevant hereto, Warden of the Carroll County Detention Center ("the Detention Center"). (Defendants Board of County Commissioners and Hardinger are collectively referred to as "Defendants.")

Plaintiff worked at the Detention Center from July 30, 1981 until he retired on February 6, 2002. In 2001, Lieutenant Salvetore Brown ("Brown"), a former employee at the Detention Center, filed a Complaint with this Court alleging racial discrimination. Prior to filing his complaint, Brown filed a charge with the EEOC. Plaintiff was interviewed in connection with the EEOC's investigation of Brown's charge. During this interview, Plaintiff alleged that Hardinger had used racially offensive language in his dealings with Brown. The EEOC investigator informed Hardinger and Sheriff Tregoning ("Tregoning" or "Sheriff") that Plaintiff had confirmed that Hardinger had used racially offensive language.

In October of 2001, Plaintiff returned to work after taking leave under the Family Medical Leave Act for surgery. Upon his return, Plaintiff was informed that he had been moved out of his office. He was told to locate another works space.

---

Plaintiff intended to name the appropriate party which would be the Board of Commissioners of Carroll County ("Board of County Commissioners"). Plaintiff should take note and make the necessary amendments to his filings.

Plaintiff began to share an office with Brown. Prior to taking leave, Plaintiff held the position of Commander of Special Operations and supervised twenty-five employees. On January 22, 2002, Plaintiff was called into Hardinger's office and told that, effective February 1, 2002, he would no longer hold the position of Commander of Special Operations. Plaintiff was reassigned to the second shift (3 p.m. to 11:30 p.m.) as the Security Commander. Plaintiff was not informed of his exact duties but notes that this assignment was where he had begun his career at the Detention Center twenty years earlier. Rather than supervising twenty-five employees, Plaintiff now supervised no one. Hardinger explained that the change was made because the newly created position of Security Commander required a person of the rank of Captain. As Plaintiff was the only Captain at the Detention Center, he was given this assignment.

On February 6, 2002, Plaintiff resigned. On February 11, 2002, the Sheriff's Office posted an advertisement to fill Plaintiff's position. The advertisement stated duties which were very similar to Plaintiff's previous duties as the Commander of Special Operations. Subsequently, a person was promoted to Captain and became responsible for Special

Operations.  No one was hired as the second shift Security Commander.

Plaintiff filed a charge of retaliation in violation of Title VII with the EEOC in June of 2002 and received a Notice of Right to Sue in September of 2002.  Plaintiff filed the instant lawsuit alleging that Defendants retaliated against him for supporting Brown's discrimination claim.  By the subject motion, Defendants are seeking dismissal or, in the alternative, summary judgment on all of Plaintiff's claims against them.

II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) is a means of testing the legal sufficiency of a complaint.  "The question is whether in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the Complaint states any valid claim for relief."  5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 336 (2d ed. 1987).  The Court, when deciding a motion to dismiss, must consider well-pled allegations in a complaint as true and must construe those allegations in favor of the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232,236 (1974); Jenkins v. McKeithen, 395 U.S. 411,421-22 (1969).  The Court must further

disregard the contrary allegations of the opposing party.  See A.S. Abell Co. v. Chell, 412 F.2d 712,715 (4th Cir. 1969).  However, a complaint may be dismissed if the law does not support the conclusions argued, or where the facts alleged are not sufficient to support the claim presented.

III. DISCUSSION

    A.   Board of County Commissioners

Under Title VII, a civil action may be brought only "against the respondent named in the [administrative] charge." 42 U.S.C. §2000e-5(f)(1).  In his EEOC charge, Plaintiff named only the Carroll County Sheriff's Office.  The naming requirement of Title VII has two purposes.  "First, it notifies the charged party of the asserted violation.  Secondly, it brings the charged party before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with the law."  Alvarado v. Board of Trustees, 848 F.2d 457, 458-459 (4th Cir. 1998).  The Board of County Commissioners was not placed on notice, nor was it brought before the EEOC.  Therefore, neither of the purposes of the naming requirement were satisfied; and the Board of County Commissioners is not properly before this Court.

Plaintiff named Carroll County Sheriff Kenneth Tregoning in his Complaint.  The Sheriff (in his official capacity) was Plaintiff's employer.  Under 42 U.S.C. §2000e(b), the actions of one who constitutes an agent of an employer may be liable for the actions of the employee.  Plaintiff attempts to use this "agent" provision to impute liability to the Board of County Commissioners.  However, the Sheriff, not the Board of County Commissioners, was Plaintiff's employer.  For purposes of Title VII, neither the Sheriff nor Hardinger were agents of the Board of County Commissioners; and Plaintiff's theory of respondeat superior must fail.

Plaintiff's claims for punitive damages must also fail.  "Generally, in the absence of statutory authority exemplary or punitive damages may not be recovered against a municipality." Herilla v. Mayor and City Council of Baltimore, 37 Md. App. 481, 492 (Md.App. 1977).  As there is not statutory authority for the recovery of punitive damages for Title VII retaliation, Plaintiff's claim for punitive damages against the Board of County Commissioners cannot be supported.

Accordingly, as Plaintiff has failed to stated a claim for which relief can be granted, his claims against the Board of County Commissioners shall be dismissed.

6

B.  George Hardinger

Defendant George Hardinger argues that he is not a proper Defendant to the instant Title VII suit as he is merely Plaintiff's supervisor and not his employer.  The Fourth Circuit held, in Lissau v. Southern Food Service, Inc., 159 F.3d 177, 180 (4th Cir. 1998), that "supervisors are not liable in their individual capacities for Title VII violations."  The Fourth Circuit "reasoned that Congress intended that only an employer may be held liable for a Title VII violation and noted that nowhere in the Civil Rights Act of 1991 was individual liability mentioned as an available remedy."  Temple v. Benjamin, 2001 WL 826576, *4 (D.Md. 2001). See also Haynie v. St. Mary's County, 2001 WL 194297, *2 (D.Md. 2001)("An individual employee/supervisor is not liable for Title VII violations, even if he or she had authority to hire and fire the plaintiff. . . .  Title VII allows a plaintiff to sue only her 'employer' for unlawful discrimination.").  Therefore, under Lissau, Hardinger is not a proper party to the instant suit.[3]  Accordingly, as Plaintiff has failed to state a claim for which relief can be granted, his claims against Hardinger shall be dismissed.

---

[3] As Hardinger was not Plaintiff's employer, the theory of respondeat superior also does not apply.

IV.   CONCLUSION

For the foregoing reasons:

1.  Defendants' Motion to Dismiss [Paper 3] is GRANTED.

    a.  All claims against Carroll County, Maryland (the Board of County Commissioners of Carroll County) and Warden George Hardinger are dismissed.

    b.  Claims against all other Defendants (State of Maryland and Carroll County Sheriff Kenneth Tregoning) remain pending.

SO ORDERED, on Thursday, 17 April, 2003.

                                        /s/
                              _____
                                   Marvin J. Garbis
                              United States District Judge