# EXHIBIT B

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 JAN 16  P 4: 15

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SALVERTORE BROWN                *

　　　　Plaintiff              *

　　　　vs.                    *   CIVIL ACTION NO. MJG-01-2023

GEORGE HARDENGER, et al

　　　　Defendants

*　　*　　*　　　　　　　*　　*　　*　　*　　*

## MEMORANDUM AND ORDER

The Court has before it Plaintiff's Motion for Summary Judgment [Paper 25] and the materials submitted by the parties related thereto. The Court finds a hearing unnecessary.

I. BACKGROUND[1]

Plaintiff Salvertore Brown ("Brown") is a Lieutenant and Shift Supervisor at the Carroll County Detention Center in Westminister, Maryland. Defendant Kenneth L. Tregoning ("Tregoning" or "the Sheriff") is the Sheriff of the Carroll County Detention Center. Defendant is sued in his official capacity.

---

[1] In the present summary judgment context, it is necessary to assume that the Plaintiff's version of the disputed facts is correct.

Plaintiff filed the instant lawsuit seeking damages under Title VII of the Civil Rights Act of 1964 alleging a hostile work environment.[2] Defendant, through the instant motion, is seeking summary judgment on all claims

## II. SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The well-established principles pertinent to such motions can be distilled to a simple statement

The Court may look at the evidence presented in regard to the motion for summary judgment through the non-movant's rose colored glasses, but must view it realistically. After so doing, the essential question is whether a reasonable fact finder could return a verdict for the non-movant or whether the movant would, at trial, be entitled to judgment as a matter of law. E.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); Adickes v. S.H. Kress

---

[2] Count II of Plaintiff's Complaint seeks to recover for the hostile work environment claim under a theory of Respondeat Superior. This does not constitute a separate claim; therefore, it will be considered along with Count I.

& Co., 398 U.S. 144, 158-59 (1970); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991).

III. DISCUSSION

To prevail on his hostile work environment claim, Plaintiff must prove that the alleged conduct was "(1) unwelcome; (2) based on race; and (3) sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere, and that (4) there was some basis for imposing liability on employer." Spriggs v. Diamond Auto Glass, 242 F.3d 179, 182 (4th Cir. 2001), citing Causey v. Balog, 162 F.3d. 795, 801 (4th Cir 1998)

Plaintiff bases his hostile work environment claim on vague allegations of comments made to Plaintiff's colleagues, selective enforcement of the salute policy, investigations focused solely on Plaintiff, the Warden's solicitation of negative comments about Plaintiff, and the use of a racial slur on September 9, 1999. Pl. Resp. in Opp, to Mot. for Summ. J. at 2-3. Only one of these allegations is supported by the record. Defendant concedes that Hardenger used a racial slur on September 9th.[3]

---

[3] Hardenger states in his affidavit that the word was used in the course of a conversation discussing his exposure to racism growing up.

3

Beyond that concession, there is not one piece of evidence supporting Plaintiff's allegations. He does not even present his own affidavit to support his contentions.

Thus, the Court must determine if Plaintiff has established a prima facie case of hostile work environment based on the September 9, 1999 comment. Given Plaintiff's complaints about the slur and the filing of this action, it can be assumed that the comment was unwelcome. The nature of the comment, a racial slur, indicates that is it was based on race. Thus, the first two elements of the prima facie case can be established.

Plaintiff has not presented sufficient evidence to establish that the egregious behavior was so pervasive or severe as to affect the conditions of employment. The comment, while offensive, exists in a vacuum on the present record. No reasonable fact-finder could find that the behavior was sufficiently pervasive or severe to support Plaintiff's claim.

Because Plaintiff fails to establish his prima facie case for hostile work environment, his claim must fail. Defendant is thereby entitled to summary judgment

4

IV.  **CONCLUSION**

    For the foregoing reasons:

    1. Defendant's Motion for Summary Judgment is GRANTED.

    2. Judgment shall be entered by separate Order

SO ORDERED this _16th_ day of January, 2003

                                                                  _/s/ Marvin J. Garbis_
                                                                  Marvin J. Garbis
                                                  United States District Judge

```
          FILED
     U.S. DISTRICT COURT
   DISTRICT OF MARYLAND

   2003 JAN 16  P 4: 15

      CLERK'S OFFICE
      AT BALTIMORE

   BY_____DEPUTY
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SALVERTORE BROWN                    *

       Plaintiff

vs.                                 *   CIVIL ACTION NO. MJG-01-2023

GEORGE HARDENGER, et al.            *

       Defendants                 *

\*   \*   \*   \*   \*   \*   \*   \*

## JUDGMENT ORDER

By separate order issued this date, the Court has granted the Defendant's Motion for Summary Judgement.

Accordingly:

1. Judgment shall be, and hereby is, entered in favor of Defendant Sheriff Kenneth L. Tregoning dismissing all claims with prejudice with costs.

2. Any and all prior rulings disposing of any claims against any parties are incorporated by reference herein.

3. This Order shall be deemed to be a final judgment within the meaning of Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 16th day of January, 2003.

                                              _____
                                              Marvin J. Garbis
                                              United States District Judge