IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK L. PEREGUOY                    *

          Plaintiff                 *

              vs.                   *CIVIL ACTION NO. MJG-02-4165

STATE OF MARYLAND, et al.           *

          Defendants                *

*        *        *        *        *        *        *        *        *

## MEMORANDUM AND ORDER

The Court has before it Defendants, the State of Maryland and Carroll County Sheriff Kenneth L. Tregoning's, Motion to Dismiss Complaint or, in the Alternative, for Summary Judgment[1] [Paper 11 ] and the materials submitted by the parties related thereto.  The Court finds a hearing unnecessary.

## I.    BACKGROUND[2]

Plaintiff Mark L. Pereguoy ("Plaintiff" or "Pereguoy") was, at all times relevant hereto, a correctional officer at

---

[1]  Both parties have submitted and the Court has considered the evidence appended to the subject motion and related papers.  Therefore, the Court shall consider the motion to be a motion for summary judgment.  Rule 12(b), Federal Rules of Civil Procedure.

[2]  In the present summary judgment context, it is necessary to assume that the Plaintiff's version of the disputed facts is correct.

the Carroll County Detention Center.  Defendant Kenneth
Tregoning ("Tregoning") is and was, at all times relevant
hereto, Sheriff of Carroll County, MD ("the County").  The
State of Maryland ("the State") is also a defendant in this
action. (Defendants Tregoning and the State are collectively
referred to as "Defendants").  Plaintiff worked at the Carroll
County Detention Center ("the Detention Center")from July 30,
1981 until he retired on February 6, 2002.

      In October of 2000 Lieutenant Salvetore Brown ("Brown"),
a former employee at the Detention Center, filed a filed a
charge with the EEOC alleging racial discrimination.  On
November 6, 2000, Plaintiff was interviewed by County Attorney
Kimberly Millender ("Millender") in connection with the EEOC's
investigation of Brown's charge.  During this interview,
Plaintiff alleged that Warden George Hardinger ("Hardinger")
had used racially offensive language in his dealings with
Brown.  Thereafter, on July 1, 2001, Brown filed a law suit in
this Court based upon his EEOC claim[3].

      In October of 2001, Plaintiff returned to work after
taking leave under the Family Medical Leave Act for surgery.

---

      [3] <u>Brown v. Hardinger</u>, MJG-01-2023. Plaintiff testified
during the discovery phase of the case which concluded on
summary judgment for the defendants.

Upon his return, Hardinger informed Plaintiff that Plaintiff had been moved out of his office.  He was told to locate another work space.  Plaintiff had the option of sharing an office or taking the office of one of his subordinates. Plaintiff opted to share an office with Brown rather than displace any of his subordinates.

Prior to February 1, 2002, Plaintiff held the position of Commander of Special Operations and supervised twenty-five employees.  On January 22, 2002, Plaintiff was called into Hardinger's office and told that, effective February 1, 2002, he would no longer hold the position of Commander of Special Operations.  Plaintiff was reassigned to the second shift (3 p.m. to 11:30 p.m.) as the Security Commander.  Plaintiff alleges that he was not informed of his exact duties but found that, rather than supervising twenty-five employees as he had in his previous position, he now supervised no one.  Hardinger explained that the reassignment was made because the newly created position of Security Commander required a person of the rank of Captain.  As Plaintiff was the only Captain at the Detention Center, he was reassigned to this position. Plaintiff reported to work on February 1, 2000 and spent the day packing.  He then took four days leave and resigned on February 6, 2002.

3

Plaintiff filed a charge of retaliation in violation of Title VII with the EEOC in June of 2002 and received a Notice of Right to Sue in September of 2002. Plaintiff filed the instant lawsuit alleging that Defendants retaliated against him for supporting Brown's discrimination claim.

By the subject motion, Defendants seek summary judgment[4] on all of Plaintiff's claims against them.

II. <u>SUMMARY JUDGMENT STANDARD</u>

A motion for summary judgment shall be granted if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The well-established principles pertinent to such motions can be distilled to a simple statement.

The Court may look at the evidence presented in regard to the motion for summary judgment through the non-movant's rose colored glasses, but must view it realistically. After so doing, the essential question is whether a reasonable fact finder could return a verdict for the non-movant or whether the movant would, at trial, be entitled to judgment as a

_____

[4] As noted above, the Court is considering only the summary judgment motion.

matter of law.  E.g. Anderson v. Liberty Lobby, Inc., 477 U.S.
242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 327
(1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59
(1970); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir.
1991).


III. DISCUSSION

    The Fourth Circuit analyzes retaliation claims under the
burden-shifting scheme set forth in McDonnell Douglas Corp. v. Green,
411 U.S. 792, 802-804 (1973).  See Smith v. First Union National
Bank, 202 F.3d 234, 248 (4th Cir. 2000).  The plaintiff must first
establish a prima facie case by showing that: "(1) [he] engaged in a
protected activity; (2) the employer took an adverse employment
action against [him]; and (3) a causal connection existed between the
protected activity and the asserted adverse action."  Von Guten v.
Maryland, 243 F.3d 858, 863 (4th Cir. 2001); citing Bealle v. Abbott
Labs, 130 F.3d 614, 619 (4th Cir. 1997).  Once the plaintiff
establishes a prima facie case of retaliation, the burden shifts to
the defendant to articulate a legitimate, nondiscriminatory reason
for the adverse action.  Id.

    If the employer can articulate such a reason, the burden then
shifts back to the plaintiff to prove that the employer's purported
reason was mere pretext and that there was retaliation.  The

5

plaintiff can do this by showing "'both that the reason was false, and that discrimination was the real reason' for the challenged conduct." <u>Jimenez v. Mary Washington College</u>, 57 F.3d 369, 378 (4th Cir. 1995), <u>quoting</u> <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 515 (1993). Thus, the plaintiff's claim "should not be submitted to a jury if there is evidence that precludes a finding of discrimination, that is if 'no rational fact-finder could conclude that the action was discriminatory.'" <u>Rowe v. Marley Co.</u>, 233 F.3d 825, 830 (4th Cir. 2000), <u>quoting</u> <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 135 (2000).

Plaintiff has failed to carry his initial burden of establishing a prima facie case of retaliation. Plaintiff has established the first element of his prima facie case having engaged in the protected activity of participating in an EEOC investigation. However, Plaintiff has failed to establish that he suffered from an adverse employment action.

An "[a]dverse employment action includes any retaliatory act...if, but only if, that act...results in an adverse effect on the "terms, conditions, or benefits" of employment. <u>Von Guten v. Maryland</u>, 243 F.3d 858, 866 (4th Cir. 2001) (internal citations omitted). The decision to move Plaintiff to another office did not significantly affect the terms, conditions, or benefits of Plaintiff's employment. Plaintiff received no

reduction in rank, title, responsibility, or salary.
Furthermore, Plaintiff was given the option of having another
private office assigned to him and chose to share one.

The Fourth Circuit stated in Boone v. Goldin, that
"absent any decrease in compensation, job title, level of
responsibility, or opportunity for promotion, reassignment to
a new position commensurate with one's salary level does not
constitute an adverse employment action even if the new job
does cause some modest stress not present in the old
position." 178 F.3d 253, 256 (4th Cir. 1999). Plaintiff
contends that the reassignment decreased his level of
responsibility. Plaintiff, however, also contends that he
"made additional inquiries...about his duties but he was never
informed as to what they were." Pl.'s Resp. to Mot. to
Dismiss Compl., or Alt., for Sum. J. at 4. Plaintiff worked
only one day of his new assignment, and spent that day
clearing out his office. Thus, by Plaintiff's own admission,
he did not ascertain what his new duties or responsibilities
would be before quitting. Plaintiff has presented no evidence
that his level of responsibility was affected and, thus, that
there was an adverse employment action. Therefore, Plaintiff
has failed to establish his prima facie case of retaliation.

Even if Plaintiff were able to establish his prima facie case, he would still not prevail on his retaliation claim. Under the burden-shifting scheme, Defendant can articulate legitimate, non-discriminatory reasons for the decisions to relocate and reassign Plaintiff. The reason offered for the decision to relocate Plaintiff was that the Sheriff's Office was expanding its central records unit and had to relocate a number of offices in the vicinity of and including Plaintiff's office. With regard to the reassignment, Defendants proffer that Plaintiff was temporarily transferred in order to "best utilize [his] twenty years of correctional experience in the training of newly promoted supervisors and junior staff." Def.s' Mot. to Dismiss, or in the Alt., for Summ. J. at 14.

Defendants have articulated legitimate, nondiscriminatory reasons for the decisions to relocate and reassign Plaintiff. Accordingly, the burden shifts to Plaintiff to prove "both that the [Defendant's articulated] reason was false, and that discrimination was the real reason" that he was relocated and reassigned. St. Mary's Honor, 509 U.S. at 511. Plaintiff has not presented adequate evidence to establish pretext. He merely offers his generalized view that the proffered rationales were pretext and notes that he was never reprimanded or counseled during his employment.

8

Even if Plaintiff had been able to prove that the articulated rationales were false, he would still fail to establish retaliation. Under St. Mary's Honor, Plaintiff must not only prove falsity, but must also prove that retaliation was the real motivation for Defendants' actions.  Plaintiff has offered nothing more than conjecture to indicate that retaliation was the reason or a reason for his relocation and reassignment.

In sum, Defendants are entitle to summary judgment.


IV.    CONCLUSION

For the foregoing reasons:

1.    Defendants' Motion for Summary Judgment [Paper 11] is GRANTED.

2.    Defendants' Motion to Dismiss [Paper 11] is DENIED AS MOOT.

3.    Judgment shall be entered by separate Order.


SO ORDERED, on Thursday, August 14, 2003.


_____/ s /_____
Marvin J. Garbis
United States District Judge


9